OPINION.
{¶ 1} Defendant-appellant, Timothy W. Pacatte, appeals his sentence in the Clermont County Court of Common Pleas for rape and gross sexual imposition. For the reasons discussed below, we reverse the trial court's judgment as to sentencing only.
 {¶ 2} On September 1, 2004, appellant pleaded guilty to rape of a person under the age of 13 in violation of R.C. 2907.02(A)(1)(b), and gross sexual imposition ("G.S.I.") of a person under the age of 13 in violation of R.C. 2905(A)(4). The trial court imposed a sentence of nine years imprisonment on the rape count, and four years on the G.S.I. count, and ordered the sentences to be served concurrently. Appellant appeals his sentence, raising two assignments of error.
 {¶ 3} In his first assignment of error, appellant argues the trial court erred by making findings that violate the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, when it imposed nonminimum sentences on his convictions and ordered the sentences to be served consecutively. We agree.
 {¶ 4} In Foster, the Court held that portions of Ohio's statutory sentencing scheme were unconstitutional. Id. at ¶ 1, 3, and 5 of the syllabus. Among the statutes found unconstitutional were R.C.2929.14(B), governing the imposition of a nonminimum sentence and R.C.2929.14(E) and R.C. 2929.41(A), governing the imposition of consecutive sentences. Id. at ¶ 1 and 3 of the syllabus. The Foster court severed these and other sections from the sentencing code and instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Id. at ¶ 104.
 {¶ 5} According to the record, the trial court found that pursuant to R.C. 2929.14(B), "to impose less than [nonminimum sentences] would demean the seriousness of these offenses [and] would not adequately protect both these victims and the public from future offenses of this particular Defendant * * *." Further, the court found that pursuant to R.C. 2929.14(E), "* * * consecutive sentences are required * * * to adequately protect the public from future crimes by this Defendant and * * * are not disproportionate to the seriousness of his conduct in this particular case or the danger that he poses to the public."
 {¶ 6} Because the trial court utilized R.C. 2929.14(B) in imposing nonminimum prison terms and utilized R.C. 2929.14(E) in ordering that appellant's sentences be served consecutively, we must remand this case for resentencing consistent with Foster. Appellant's first assignment of error is sustained.
 {¶ 7} In his second assignment of error, appellant argues that his trial counsel was ineffective and that as a result, his rights under the Fifth, Sixth, and Fourteenth Amendments were violated. We disagree.
 {¶ 8} The reversal of a conviction or sentence based upon ineffective assistance of counsel requires satisfying the two-prong test set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052.State v. Conway, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 95. First, a defendant must show that counsel's performance was deficient. In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation. Second, a defendant must show that the deficient performance prejudiced the defense as to deprive the defendant of a fair trial.Strickland at 687. In order to show prejudice, the defendant must show that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. Conway, ¶ 95, citing State v. Bradley (1989), 42 Ohio St.3d 136, 143.
 {¶ 9} In support of his argument that his trial counsel's performance was deficient, appellant alleges, and the state does not dispute, that his counsel assured him that his sentence would be appealed. We agree that appellant's trial counsel's performance was deficient for failing to appeal appellant's sentence.
 {¶ 10} However, appellant has not been prejudiced, as this court granted appellant's motion for a delayed appeal, and we have sustained appellant's first assignment of error. Accordingly, we hold that appellant has not been denied the effective assistance of counsel. Appellant's second assignment of error is overruled.
 {¶ 11} The trial court's judgment is reversed as to sentencing only, and this matter is remanded to the trial court for resentencing.
POWELL, P.J., and WALSH, J., concur.